By the Court. Oakley, Ch. J.
This is an action on a-bill of exchange, drawn by a party in the city of Troy on a firm in this city, payable to and indorsed by the defendant, then residing at Troy, and which was subsequently indorsed to .the'plaintiff. The bill was accepted, and at its maturity was not paid. Issue was taken on the presentment of the bill for payment, and on the service of notice of protest and non-payment on the defendant.
There is no question as to the presentment of the bill for payment. The difficulty, if any, arises on the proof of the service of the notice of protest; it being claimed that it was *179 not served at or sent to the place of the defendant’s residence. It appears that he is a single man, and for several years up to the first of May, 1847, was in business at Troy. He then closed his business at Troy, and concluded to remove to this city, and about the first of July entered into copartnership for the transaction of business here, notice of which was published in one or more of the city papers, on the 15th day of July. The defendant’s name had not, however, appeared in the firm at its place of business, when the bill of exchange matured; and it was not to be found in the city directory.
The notary on protesting the bill, looked into the directory, and not finding the defendant’s name there, inquired of the acceptor and the holder of the bill as to the residence of the defendant. Both of them informed the notary that he lived at Troy, and the notary sent a notice of protest by mail, addressed to him at that place.
The question is whether due diligence was used by the notary, and whether the notice of protest was sufficient. The leading cases to which I was referred, were Ransom v. Mack, 2 Hill, 587; and Spencer v. The Bank of Salina, 3 ibid. 520, with several others there cited.
The principle to be extracted from the authorities is, that if the notary inquire of persons who, from their connection with the transaction, are likely to know the residence of the indorser, and are not interested to mislead the notary, and he acts on the information thus obtained, it is due diligence on his part. That was done here, there was no interest to mislead either in the acceptor or the holder. The notary must make reasonable efforts to ascertain the residence of the parties entitled to notice, when it does not appear on the face of the instrument. If that be done in good faith, and he act accordingly in giving the notice, it is enough, and the party will be charged.
Judgment for plaintiff.