GREENWICH BANK OF THE CITY OF NEW YORK, RESPONDENT, *v.* THEODORE R. B. DE GROOT AND OTHERS, APPELLANTS.

*Promissory note — protest — notice of — Inquiry as to residence of indorser — examination of a directory — Post-office — Lamp-post box.*

Depositing a notice of protest in a postal box, attached to a lamp-post, *may*, by a liberal construction of the statute, be regarded as equivalent to depositing the same in the post-office.

Thorough and careful inquiry as to residence of the indorser is required when the notice is sent by mail. Merely following the address given in the city directory is not sufficient.

APPEAL from a judgment in favor of the plaintiff, entered on the verdict of a jury in an action on a promissory note.

*E. Haines*, for the appellants.

*William G. Wheelwright*, for the respondent.

DANIELS, J. :

As the only controversy existing in the case relates to the action taken, for the purpose of charging the defendant T. R. B. De Groot, as indorser, the judgment against the personal representatives of the deceased maker was free from all legal exception, and should

be affirmed. The note was dated at the city of New York, and made payable to the order of, and indorsed by, the defendant Theodore R. B. De Groot. It passed through the hands of two subsequent indorsers to the plaintiff. When it matured, payment of it was demanded at the place for that purpose specified in the note, and, not being paid, it was protested for non-payment. The payee and indorser added the affidavit provided for by the statute, and served it with his answer, denying that the notice of protest had been received by him. And, upon the trial, the clerk of the notary, to whom the note was delivered for demand and protest, testified that he found the name and address of the indorser in the New York directory, and directed the notice of protest to him through the post office, according to that information. No farther inquiry was made for the residence of the indorser, and the notice was dropped into a postal box attached to a lamp-post in the city of New York. The defendants' counsel moved for a dismissal of the complaint on account of the insufficiency of this evidence. That was denied by the court, and a verdict directed for the plaintiff. To each of these decisions the defendants' counsel excepted. An exception was also taken to the proof of the contents of the notice, because the recollection of the witness was not the best evidence. But as it was to be presumed from the facts, that the notice had left the hands of the witness in the manner described by him, and had not been received by the indorser, that it could not be itself produced, there was no foundation on which this objection could be maintained. Possibly the letter-boxes, placed about the city for the reception of letters and other mailable matter, may be properly regarded as the post-office for the service of notices of the dishonor of commercial paper, within the meaning of the law of this State upon that subject. That law requires the notice to be deposited in the post-office of the city or town where the paper may be payable, or legally presented for payment or acceptance. (Chap. 416, Laws of 1857, § 3.) And these boxes, by a liberal construction of the terms of the act, may be regarded as the post-office for that purpose.

But the notice can only be served in that way when it may be addressed to a person believed to be in the same city or town, in the class of cases mentioned in the statute. This act, so far as it

provided for the service of such notices through the post-office, was an innovation upon the previously existing law, which required the service in the same place as the paper should be payable to be personal, or by leaving it at the place of business or residence of the person to whom it should be directed. And that law continues in force, except so far as the statute has abrogated it, and it has only done so where the residence or place of business of the person to be notified shall be in the same city or town where the paper is payable, or legally presentable for payment, or that shall be indicated under the indorsement or signature as his or her place of residence, or where such indorser or drawer, "from the best information obtained by diligent inquiry, is reputed to reside, or have a place of business." (Id.) The notice was deposited for the defendant in this case, under this last clause of the statute, and the point presented for decision is whether the diligent inquiry mentioned and required by the statute was made by simply looking into, and finding what appeared to be the indorser's address and place of business in the directory. The rule so tersely expressed in the statute was probably designed to be the same, as that which the commercial law has required to be observed for the purpose of ascertaining the place of residence of the person entitled to notice of the dishonor of the paper bearing his name; and that has been stated to be, "that the party should send the notice to that place where it would most probably find the party to be notified most promptly, either in fact or according to the best information he possessed or could obtain, by the reasonable use of such means as were within his power." (1 Parsons on Bills and Notes, 495.) "It is enough that the holder of a bill makes diligent inquiry for the indorser, and acts upon the best information he is able to procure. If, after doing so, the notice fails to reach the indorser, the misfortune falls on him, not on the holder. There must be ordinary or reasonable diligence, such as men of business usually exercise when their interest depends upon obtaining correct information. The holder must act in good faith, and not give credit to doubtful intelligence when better could have been obtained." (*Bank of Utica* v. *Bender*, 21 Wend., 643.) "Until some one is found, who professes to be able to give the required information, it will not do to stop short of

a thorough inquiry at places of public resort, and among such persons as would be most likely to know the residence of the indorser." (*Spencer* v. *Bank of Salina*, 3 Hill, 520, 522; *Rawdon* v. *Redfield*, 2 Sandf., 178.) And for that purpose it has been held, where the requisite information cannot be otherwise obtained, due diligence requires that inquiry should be made of the other parties to the paper, when they may be accessible for that purpose. (*Lawrence* v. *Miller*, 16 N. Y., 235, 240.)

The statement found in the directory afforded the opportunity of further inquiry, and suggested its propriety; and the notary could not act without making it, unless he acted at his peril. The law requires a *bona fide* effort to discover the residence or place of business of the person to be charged; and if the notice be deposited in the post-office without making it, and it fails to reach the party it shall be addressed to, he will not be rendered liable by such a defective service. Such diligence should be observed as under ordinary circumstances, would be exercised in discovering the existence of a fact which it might be important for the holder to correctly ascertain. Both the rule of the commercial law and of the statute, requires that the holder shall obtain the information which diligent inquiry can secure concerning the residence of the party to be charged by the service of notice. And that is not shown by merely consulting the directory, when other sources of accurate information may be within the convenient reach of the person whose duty it may be to secure it, through which it can be obtained. The judgment recovered against the indorser should be reversed, and a new trial ordered, with costs to abide the event, and in all other respects it should be affirmed.

DAVIS, P. J., and BRADY, J., concurred.

Ordered accordingly.